NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTO RODRIGUEZ, : | **Hon. Dennis M. Cavanaugh** |
| : | |
| Petitioner, : | **OPINION** |
| : | |
| v. : | Civil Action No. 07-CV-4776(DMC) |
| : | |
| GRACE ROGERS, et al., : | |
| : | |
| Respondents. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Petitioner Roberto Rodriguez's ("Petitioner") motion to vacate, set aside, and correct his sentence pursuant to FED. R. CIV. P. 2254. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioner's motion to vacate, set aside, and correct his sentence is **denied**.

**I.   BACKGROUND**

On September 4, 2002, thirteen-year-old Desiree Valentin was walking down New Brunswick Avenue in the City of Perth Amboy with her mother when she was struck on the back of the neck by Petitioner. Desiree was robbed of two gold chains hanging around her neck. Petitioner was eventually tackled to the ground by fifteen-year-old Alexis Rodriguez. Fourteen-year-old Cesar Marquez assisted Alexis in restraining Petitioner until police arrived and arrested Petitioner.

Petitioner was originally charged with first degree robbery pursuant to N.J.S.A. 2C:15-1, fourth degree unlawful possession of a weapon pursuant to N.J.S.A. 2C: 39-5(d), and third degree possession of a weapon with the purpose to use it unlawfully pursuant to N.J.S.A. 2C:39-4(d). Petitioner plead not guilty to all charges on December 2, 2002. Petitioner received a jury trial, in which he was represented by Vernon Estreicher, Esq. ("Estreicher"). Petitioner was convicted of one count of second degree robbery on November 20, 2003 in the Superior Court of New Jersey, Middlesex County. The other two weapons charges were dismissed. The Honorable Bradley J. Ferencz sentenced Petitioner to seven years with an 85% period of parole ineligibility pursuant to the "No Early Release Act", N.J.S.A 2C: 43-7.2.

On June 17, 2004, Petitioner appealed his conviction. On July 29, 2005, the Superior Court of New Jersey, Appellate Division affirmed Petitioner's conviction. On December 16, 2005, the New Jersey Supreme Court denied certification.

Petitioner's application for post-conviction relief was heard on May 3, 2007 in Superior Court. On August 22, 2007, post-conviction relief was denied by the Honorable Barbara C. Stolte ("Judge Stolte"). On December 19, 2007, Petitioner filed a Notice of Appeal to the Appellate Division which appears to still be pending. Petitioner currently moves to vacate, set aside, and correct his sentence pursuant to Fed. R. Civ. P. 2254.

## II. STANDARD OF REVIEW

The District Court has jurisdiction pursuant to 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction ...of all offenses against the laws of the United States.") Jurisdiction is also secured pursuant to 28 U.S.C. § 1291. Furthermore, District Courts have jurisdiction to review the reasonableness of a sentence pursuant to 18 U.S.C. § 3742(a)(1).

The District Court presumes all State Court factual findings to be correct, 28 U.S.C. § 2254(d), but exercise review over State Court conclusions on questions of pure law and mixed questions of law and fact.  See Hassine v. Zimmerman, 160 F.3d 941, 947 (3d Cir. 1998).  The District Court has the power to entertain habeas corpus petitions by persons in state custody so long as they claim their incarceration is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2245(a).

## III.   DISCUSSION

"As a general rule, federal courts may exercise the power to consider habeas applications only where it appears that the applicant has exhausted the remedies available in the courts of the State."  McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).  Habeas petitioners are required to 'fairly present' federal claims to state courts before petitioning federal courts.  Here, it is unclear whether Petitioner exhausted all state remedies.  Petitioner appears to have his Notice of Appeal to the Appellate Division still pending.

Nonetheless, Petitioner now argues his sixth amendment right to effective counsel was denied.  Under Strickland v. Washington, when a convicted defendant claims defective counsel, the defendant must show that the counsel's performance was defective under a standard of objective reasonableness.  See 466 U.S. 688, 699 (1984).  Second, the defendant must show with a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.  A reasonable probability should be sufficient to undermine confidence in the outcome.  See United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007).  "A Court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 670.

Petitioner argues he was unable to have meaningful communication with his counsel because Petitioner spoke little English, and his counsel, Estreicher, spoke no Spanish. Petitioner further argues Estreicher failed to employ an interpreter. Petitioner failed to raise the issue of ineffective counsel on direct appeal. Petitioner has failed to allow a state court to assess Judge Stolte's decision on the issue of ineffective counsel. Therefore, Petitioner has failed to exhaust all state remedies. See Peoples v. Fulcomer, 882 F.2d 828, 289 (3d Cir. 1989). Dismissal of Petitioner's motion does not diminish Petitioner's one-year time frame to file a petition under the Anti-terrorism and Effective Death Penalty Act of 1996, P.L. 104-32, 18 U.S.C. § 2244(d). Petitioner's one-year will continue to be tolled by Petitioner's pending appeal. (Respondent's Answer, at 5).

Additionally, Judge Stolte has found Estreicher's testimony to be more credible than Petitioner's. Estreicher was candid with the Court when explaining he often used various people as interpreters, including other inmates if they were deemed acceptable by his client. Estreicher went on to provide he would not have continued a conversation with Petitioner unless an interpreter was used. Estreicher appears to have always employed some form of interpretation when working with Petitioner.

Petitioner came to the United States between 1986 and 1987. Petitioner spent approximately twenty years working in the U.S. prior to his trial. Petitioner has indicated he understands and speaks some English. It is undisputed that an interpreter was used at all times in Court. Petitioner agreed Estreicher used other inmates deemed acceptable by him to help translate on at least one occasion.

During Petitioner's trial, the Court apprised Petitioner of his right to testify with an

interpreter.  Petitioner, while standing beside Estreicher, stated he understood his rights and had no questions.  Judge Stolte recognized that Estreicher advised Petitioner that should a jury member see him in handcuffs to inform Estreicher.  Petitioner later thought that a jury member did see him handcuffed and reported the incident as Estreicher advised.  Thus, it is clear that Petitioner and Estreicher were able to communicate.

Petitioner is unable to prove Estreicher's performance was substandard.  While communication might not have been easy, Petitioner was able to effectively communicate with Estreicher through the Court's interpreter and other aids deemed acceptable by Petitioner. Estreicher prepared Petitioner's case for both trials, as well as reviewed plea offers with him. The communication problems which existed were not so extensive that Estreicher failed to function as 'counsel' guaranteed under the Sixth Amendment.  Furthermore, Petitioner fails to show that but for Estreicher's error, the result of his trial would have been different. For the above stated reasons, Petitioner's motion to vacate, set aside, or vacate his sentence is **denied**.

### IV.  CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioner's motion to vacate, set aside, and correct his sentence is **denied**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        July   1  , 2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File