<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERTO RODRIGUEZ,

        Petitioner,

    v.

GRACE ROGERS, et al.,

        Respondents.

Civil No. 07-4776 (DMC)

O P I N I O N

**APPEARANCES:**

Roberto Rodriguez, <u>Pro</u> <u>Se</u>
SBI# 828024C
Central Reception & Assignment Facility
P.O. Box 7450
W. Trenton, NJ 08628

Simon Louis Rosenbach
Middlesex County Prosecutor's Office
25 Kirkpatrick Street, 3rd Floor
New Brunswick, NJ 08901
Attorney for Respondents

**CAVANAUGH**, District Judge

    Petitioner Roberto Rodriguez, a prisoner confined at the Central Reception and Assignment Facility, West Trenton, New Jersey, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondents are Grace Rogers,

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

the Administrator of the facility, and Stuart Rabner, former Attorney General of New Jersey. Petitioner alleges that counsel at his criminal trial was ineffective for failing to provide an interpreter, and failing to discredit testimony of certain witnesses. Because Petitioner's petition is clearly unexhausted, the petition will be dismissed, without prejudice.

## DISCUSSION

A. **Exhaustion**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective. . . ."[2] 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to

---

court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

[2] Exhaustion of remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886). In 1948, the exhaustion doctrine was first codified at 28 U.S.C. § 2254, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"). The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838

(1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson, 987 F.2d at 987. This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. See 28 U.S.C. § 2254(c).

In the present case, it is clear that Petitioner has failed to exhaust his state court remedies with respect to the

4

challenged state court conviction and sentence. Petitioner filed a PCR petition which is pending in the state courts. Thus, it appears that the claims he now presents have been neither raised nor fairly presented for state court review. Therefore, Petitioner has failed to exhaust his petition.

Further, Petitioner has not shown that there is an absence of available state process. Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987. There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.

Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254. See Rose, 455 U.S. at 510.

B.  **Limitations Period for Habeas Cases**

This Court also finds that the petition does not present a limitations issue for Petitioner.

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble,

429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-

day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).[3]

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

---

[3] The limitations period is also subject to equitable tolling in limited circumstances.

According to the allegations of this petition and motion, Petitioner's conviction became final on or about March 19, 2006, ninety days after the New Jersey Supreme Court denied certification on his direct appeal.[4] Thus, the federal limitations period would expire on or about March 18, 2007.

However, statutory tolling applies to Petitioner's case. According to Respondents, Petitioner's PCR petition was filed on June 15, 2006. It was denied on August 22, 2007, and remains pending in the Appellate Division. Thus, the limitations period has been tolled from June 15, 2006 until today, during the pendency of the PCR petition. However, the limitations period was not tolled from March 19, 2006 (when the conviction became final) until June 15, 2006 (when the PCR petition was filed). Thus, Petitioner has expended approximately 87 days of his limitations period, leaving him 278 days to file a habeas petition in this Court after state court review of his PCR petition (365 days - 87 days = 278 days).

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

---

[4] Petitioner's petition for certification to the New Jersey Supreme Court on his direct appeal was denied on December 19, 2005. See State v. Rodriguez, 185 N.J. 597 (2005).

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

### CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies. The Court therefore will dismiss the § 2254 habeas petition, without prejudice. No certificate of appealability shall issue, insofar as Petitioner has failed to make a substantial showing of the

denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.

*[signature]*
DENNIS M. CAVANAUGH
United States District Judge

Dated: 7-10-08

10